WRIGHT (ANDREWS v.). See Case No. 382.

WRIGHT (BAILEY v.). See Case No. 749.

WRIGHT (BANK OF COLUMBIA v.). See Case No. 883.

## Case No. 18,073.

### WRIGHT v. BLAKESLEE.

[13 Blatchf. 421.] [1]

Circuit Court, N. D. New York.    June 20, 1876.[2]

#### SUCCESSION TAX.

Under section 127 of the act of June 30, 1864 (13 Stat. 287), where, under the will of a testator who died before the act was passed, a person became beneficially entitled in possession, after the act was passed, to real estate, upon the death of another person who died after the act was passed, and who had by such will a life estate in such real estate, *held*, that such beneficial interest in possession was a "succession" conferred by such will, and was subject, under section 133 of said act, to a succession tax.

This was an action of assumpsit [by B. Huntington Wright against Levi Blakeslee] to recover the amount of a succession tax, paid under protest, assessed upon the assignors of the plaintiff. It was tried by the court without jury.

Risley, Stoddard & Matteson, for plaintiff.

Richard Crowley, Dist. Atty., for defendant.

WALLACE, District Judge. Section 127 of the act of June 30, 1864 (13 Stat. 287), provides, "that every past or future disposition of real estate, by will, deed or laws of descent, by reason whereof any person shall become beneficially entitled, in possession or expectancy, to any real estate, or the income thereof, upon the death of any person dying after the passing of this act, shall be deemed to confer on the person entitled by reason of any such disposition a 'succession,' and the term 'successor' shall denote the person so entitled; and the term 'predecessor' shall denote the grantor, testator, ancestor, or other person, from whom the interest of the successor has been or shall be derived." Section 133 declares, that "there shall be levied and paid to the United States, in respect of every such succession as aforesaid, according to the value thereof, the following duties, viz.: Where the successor shall be the lineal issue, or lineal ancestor, of the predecessor, a duty at the rate of one dollar per centum upon such value." The assignors of the plaintiff were the children of Henrietta Huntington, a devisee under the will of her fa-

ther, by reason of a provision in his will substantially as follows: "In case my daughter Henrietta shall, at the time of my decease, be feme covert, I give and.devise unto my executors one other of the said equal parts or shares of the residue of my estate, in trust to receive the rents and profits, and apply the same to her sole and separate use during the term of her natural life, and, at her decease, if she shall leave issue her surviving, I devise the said share to her issue, their heirs and assigns, in full and absolute possession." The testator died in 1846, said Henrietta being a feme covert. She died after the passage of the act. These being the facts, the assessor insisted upon payment of a tax of one dollar per centum on the value of the succession.

It seems very clear, that, by a past disposition of real estate by will, the assignors of the plaintiff had a vested estate in expectancy during the life of their mother, and, upon her death, after the act was passed, became "beneficially entitled in possession" to the real estate. The concurrence of these conditions conferred on the issue a succession, and made them successors, within the plain definition of section 127. The argument for the plaintiff is, that the person creating the estate, or from whom it is derived, must die after the passing of the act, to confer the succession defined. Such is not the language of the section. It suffices, if, by the death of any person dying after the passing of the act, the devisee becomes beneficially entitled in possession to the estate. By the death of the mother, the children, who theretofore had an estate in expectancy, became beneficially entitled in possession. It seems equally clear, that, if the testator had died after the passage of the act, the mother and children living, a tax as upon an estate in expectancy would have accrued against the children. In such case, under section 129, the tax would have been apportioned between the mother and children, and, if she had subsequently died, the act being still in force, a new succession tax upon the value of her interest would have been payable by the children. The act is carefully framed, and the most comprehensive terms are employed, to meet every case where a beneficial interest, either expectant or in possession, devolves upon a devisee. The language is so clear, and the conditions which constitute the definition of a "succession" and a "successor" are so plain and exact, that argument drawn from other sections of the act is unavailing. The duty of one dollar per centum was due to the United States. The assessor properly added a penalty of fifty per centum, as a penalty for refusal to make return. Such penalty is imposed by the amendment made to section 118 by the act of March 2, 1867 (14 Stat. 479), where the person who should make return wilfully neglects, or where such person refuses, to make return. A neglect to make return is not nec-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [Reversed in 101 U. S. 174.]

essarily wilful; a refusal is, or, at any rate, is, by the statute, made equivalent to, a wilful neglect.

These conclusions are decisive against the plaintiff, and judgment is ordered for the defendant.

[The judgment was reversed by the supreme court. 101 U. S. 174.]